Rumsey Manuf. Co. v. Baker.

L. M. RUMSEY MANUFACTURING COMPANY, Respondent,
v. JAMES BAKER, Appellant.

**St. Louis Court of Appeals, December 18, 1888.**

1. **Practice, Appellate:** FAILURE TO PROSECUTE APPEAL. The negligence of the clerk in failing to make out the transcript furnishes no excuse for the appellant's failure to prosecute his appeal.

2. **Practice, Appellate:** FAILURE TO PROSECUTE APPEAL. As the law stands, since the act of March 28, 1885 (Session Acts 1885, p. 217), the respondent must produce, with his motion to affirm the judgment for failure to prosecute the appeal, a perfect transcript of the record and proceedings in the cause; the clerk's certificate, as permitted by the act of March 24, 1883, not being sufficient.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

MOTION TO AFFIRM, OVERRULED.

*Dyer, Lee & Ellis,* for the appellant.

The affidavit of the circuit court clerk of Greene county clearly shows that it was impossible for the clerk to have prepared such transcript before the first day of the present month, and the appellants ought not to be held responsible for either the press of business in the Greene county circuit court or the negligence or laches of the clerk thereof. The appellee apparently supposes the statute of 1883 to be still in force, and has undertaken to comply with the same by filing a certificate. But this statute has been repealed and the former statute reinstated by the act of 1885, page 214, which requires him to file a full and perfect transcript before he can have an affirmance on motion.

*Adiel Sherwood*, for the respondent.

The motion to affirm judgment is opposed, because the clerk could not secure sufficient clerical assistance to complete it in time, and because the statute authorizing affirmance upon the clerk's certificate has been repealed. The first reason is no reason at all. *Redway v. Chapman*, 48 Mo. 218 ; *Caldwell v. Hawkins*, 46 Mo. 253. A glance at section 3717, Revised Statutes 1879, and the act of 1885, p. 214, will convince any one that the legislator who drafted the latter knew nothing of the act of 1883, p. 121, and further that the legislature never intended to repeal the act of 1883. The whole aim, object and design of the act of 1885 was to provide for appeals to the new Kansas City court of appeals upon the same terms and conditions that applied to the St. Louis court of appeals. No negative words are used and there is apparent no legislative intent to repeal the act of 1883. There is no express reference to the act of 1883, nor is there any irreconcilable inconsistency between the act of 1883 and the act of 1885. *State ex rel. v. Cem. Ass'n*, 11 Mo. App. 1885 ; *State v. Severance*, 55 Mo. 378.

ROMBAUER, P. J., delivered the opinion of the court.

Plaintiff has filed a motion to affirm the judgment of the trial court because the defendant has failed to prosecute his appeal. In support of the motion the plaintiff produces the certificate of the circuit clerk of Greene county, from which it appears that an appeal in the case was granted to the defendant, February 16, 1888.

The motion is resisted on two grounds. First, because the clerk of the circuit court, as shown by his affidavit, was engaged to such an extent as to be unable to complete the transcript of the record in time for the

October term of this court, and next because the plaintiff appellee has not produced in this court the transcript of the record as required by the amendatory act of March 28, 1885 (Laws 1885, p. 217), but only the clerk's certificate as required by the amendatory act of March 24, 1883 (Laws 1883, p. 122).

Both the supreme court and this court have decided that the negligence of the clerk is no good cause for failure to prosecute an appeal. Hence the law on the first point is with the plaintiff. On the second point, however, the law is clearly with the defendant. The constitution provides that in amending any act, the act or section amended shall be set forth in full as amended. Section 3717 of the Revised Statutes provides that an appellant shall file, within a certain time after the appeal is granted, in the clerk's office of the appellate court, "*a perfect transcript of the record and proceedings in the cause; if he fails so to do and the appellee produce in court such transcript*, and if it appear thereby that an appeal has been allowed in the cause, the court shall affirm the judgment, unless good cause to the contrary be shown."

This section was amended in 1883 so as to read, "*a perfect transcript of the record and proceedings of the cause; if he fails so to do and the appellee produce in court the certificate of the clerk of the court in which such appeal was granted, stating therein the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted and the time when the appeal was granted; such certificate shall be prima-facie evidence of the matters therein stated, and shall be sufficient basis for a motion in the appellate court to affirm the judgment, unless good cause to the contrary be shown.*"

Since the amendment of 1883, it was the practice of

this court to affirm judgments upon exhibition of the clerk's certificate, setting forth the facts as required by that act.

In 1885, the legislature again amended section 3717 by express reference thereto, and the amending act provides that that part of the section which is now in question should read as follows: "A perfect transcript of the record and proceedings in the cause; if he fail so to do, and the appellee produce in court such transcript, and if it appears thereby that an appeal has been allowed in the cause, the court shall affirm the judgment unless good cause to the contrary be shown," reinstating the reading of that part of the section as contained in the revision of 1879.

It is true that this last amendment was apparently made for the purpose of putting appeals to the Kansas City court of appeals on the same footing with appeals to this court and the supreme court, and it is also true that the amendment was made by the legislature in apparent disregard and ignorance of the amendment of the same section in 1883. But conceding all this, the fact still remains that the reading of the section as established by the amendment of 1885 is the only law on the subject, since in the very nature of things the identical section cannot read both ways, and the constitution expressly provides that the amended law shall be set out in full, so that the last amendment of the section is the only law on that subject, and repeals the amendment of 1883 as effectually as if it had done so in express terms.

It results that the plaintiff's motion, which is not accompanied by a transcript of the record as required by law, must be overruled. So ordered. All concur.